**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

ABREHAM ZEMEDAGEGEHU,

        *Plaintiff,*

v.                                 CIVIL ACTION NO.  1:15-cv-57-JCC-TRJ

Arlington County Sheriff Elizabeth F. Arthur, *et al.*,

        *Defendants.*

## MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS

      Defendants Virginia Department of Corrections ("VDOC"), VDOC Director Harold Clarke ("Clarke"), Virginia Board of Corrections ("Board"), and Board Chairman Carl R. Peed ("Peed") (collectively "State Defendants"), by counsel, and in support of their motion to dismiss submit the following:

## BACKGROUND

      Plaintiff, Abreham Zemedagegehu ("Plaintiff" or "Zemedagegehu"), has filed this action alleging that State Defendants violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165 ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 US.C. § 794 ("Rehabilitation Act") when Zemedagegehu was incarcerated at the Arlington County Detention Facility in 2014.  Specifically Zemedagegehu claims that State Defendants violated ADA and Rehabilitation Act because they did not provide American Sign Language Interpreter services and other services to Zemedagegehu, a deaf individual, during his incarceration.  Zemedagegehu seeks declaratory relief, compensatory damages, and costs and attorneys' fees.

1

In this Motion, State Defendants request dismissal of Zemedgegehu's Complaint because it does not adequately state a claim upon which relief can be granted based on a theory of *respondeat superior* liability.  In Virginia, local detention facilities are managed by the sheriffs, and jail officials are employees of the sheriff, not the Commonwealth or the Commonwealth's agencies.  As a result, State Defendants cannot be liable under a theory of *respondeat superior* for the actions of the officials at Arlington County Detention Facility because those officials are not employees of State Defendants.

State Defendants also request dismissal of Count I of Zemedgegehu's Complaint, which alleges violation of the ADA.  Title II of the ADA abrogates state sovereign immunity under the Eleventh Amendment if the plaintiff also alleges conduct that violates the Constitution.  *U.S. v. Georgia*, 546 U.S. 151, 159 (2006).  Because Zemedagegehu has not alleged that the State Defendants engaged in conduct that violated the Constitution, he has failed to state an ADA claim upon which relief can be granted against them.

## ARGUMENT

### A. *Standard of Review*

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the non-moving party's complaint must allege facts that "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, a Rule 12(b)(6) motion "test[s] the legal sufficiency of the complaint."  *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  For purposes of a motion to dismiss, the Court must take all of the factual allegations as true but is not bound to accept as true a legal conclusion couched as a factual assertion.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

**B.  Zemedagegehu has not stated a claim upon which relief may be granted against State Defendants based on a theory of respondeat superior because the Sheriff is responsible for the Arlington County Detention Facility.**

Zemedagegehu appears to base his claims against State Defendants on the theory of *respondeat superior* liability, which is available under the ADA and the Rehabilitation Act. *Rosen v. Montgomery County*, 121 F.3d 154, 157 n.3 (4th Cir. 1997).  But, the Fourth Circuit has stated that the ADA and the Rehabilitation Act "cannot be read to impose strict liability on public entities that neither caused plaintiffs to be excluded nor discriminated against them." *Bacon v. City of Richmond*, 475 F.3d 633, 639-40 (4th Cir. 2007) (granting summary judgment in favor of the city, where the school board, and not the city, was responsible for any ADA violation).  For instance, in *Paulone v. City of Frederick*, the District Court held that the State of Maryland was a proper defendant in a matter alleging violations of Title II of the ADA and the Rehabilitation Act arising in the Baltimore County Detention Center because in Maryland, the Detention Center was operated by the sheriff and his deputies, who were state employees.  787 F. Supp. 2d 360 (D. Md. 2011).  The District Court, therefore, granted summary judgment in favor of the county because it could not be liable under a theory of *respondeat superior* for the actions of the sheriff and his deputies.  *Id.*

The opposite situation exists in Virginia: local correctional facilities, like the Arlington County Detention Center, are operated by sheriffs who are *not* state employees.  *Doud v. Commonwealth*, 282 Va. 317, 322 (2011).  As a result, State Defendants cannot be liable under a theory of *respondeat superior* liability for the actions of a sheriff and his or her deputies.  In other words, a principal is liable under *respondeat superior* for the wrongful acts of its agent, but *respondeat superior* liability can apply only when a principal/agent relationship exists.  *See e.g.*, *Dixon v. Denny's, Inc.*, 957 F. Supp. 792, 795 (E.D. Va. 1996) (stating that "to hold an employer liable for the acts of one of its employees, a plaintiff must establish: 1) that the tortfeasor was an

3

agent of the employer; and 2) that the tortfeasor was acting within the scope of his employment at the time of the tortious act"); *see also* Black's Law Dictionary, 1179 (5th ed. 1979).

Zemedagegehu has not pled facts sufficient to establish that a principal/agent relationship exists between the Arlington County Detention Facility and its employees and the State Defendants.  In Virginia, a local correctional facility, such as the Arlington County Detention Facility, is defined as "any jail, jail farm or other place used for the detention or incarceration of adult offenders, excluding a lock-up, which is owned, maintained or operated by any political subdivision or combination of political subdivisions of the Commonwealth."  Va. Code § 53.1-1.[1]  The Code of Virginia further provides that "[t]he sheriff of each county or city shall be the keeper of the jail thereof unless that locality is a member of a jail or jail farm board or regional jail authority, in which case the provisions of § 53.1-106[2] shall apply."  Va. Code § 53.1-116.2.

A sheriff in Virginia is an independent constitutional officer who answers only to voters. *Switzer v. Town of Stanley*, 2011 U.S. Dist. LEXIS 140425, 6 (W.D. Va. Dec. 6, 2011) (citing *Hilton v. Amburgey*, 198 Va. 727, 728, 96 S.E.2d 151, 152 (1957) ("Sheriffs . . . do not hold their offices by virtue of authority of the General Assembly or by virtue of authority of a municipality or county.").  He or she is not an employee of the Commonwealth.  *Doud*, 282 Va. at 322. Likewise, sheriff's deputies working in local correctional facilities are employees of the sheriff and not the Commonwealth.  *Id.*  Because of "this unique status of the Sheriff under Virginia law, the Commonwealth exercises virtually no control over the day-to-day operations of its

---

[1] By contrast, a state correctional facility is defined as "any correctional center or correctional field unit used for the incarceration of adult offenders established and operated by the Department of Corrections. . . ." Va. Code § 53.1-1.

[2] Va. Code § 53.1-106 provides that "Each regional jail or jail farm shall be supervised and managed by a board or authority to consist of at least the sheriff from each participating political subdivision, and one representative from each political subdivision participating therein who shall be appointed by the local governing body thereof."

sheriffs' offices." *United States v. Gregory*, No. 93-1391, 1994 U.S. App. LEXIS 14443, 13 (4th Cir. June 8, 1994).

Accordingly, there is no principal/agent relationship between a Virginia sheriff and his or her deputies and another governmental office for purposes of *respondeat superior* liability. *Switzer*, 2011 U.S. Dist. LEXIS at 6 ("the alleged acts of the Sheriff's deputy cannot impose liability on local governments or their officials."). State Defendants, therefore, cannot be held vicariously liable for the acts of a sheriff or sheriff's deputies. *See, e.g.*, *Reid v. Newton*, 2014 U.S. Dist. LEXIS 52072, 22-25 (E.D. Va. Apr. 14, 2014) (holding that a jail supervisor was not liable under a theory of *respondeat superior* because he was not an elected constitutional officer vested with the authority to appoint deputies) (citing *Doud v. Commonwealth*, 282 Va. 317, 321-22, 717 S.E.2d 124 (2011)).

Zemedagegehu has pled no facts to the contrary. He admits that the Sheriff is responsible for the operations of the Arlington County Detention Facility, stating the following:

- "Defendant Arlington County Sheriff Elizabeth F. Arthur, in her official capacity, (the "Sheriff") manages and directs the Arlington County Sheriff's Office and the Arlington County Detention Facility (the "Detention Facility"). The Sheriff is responsible for the day-to-day operations of the Sheriff's Office and the Detention Facility. All personnel who work at the Detention Facility are employees of the Sheriff and/or the Sheriff's Office." Complaint ¶ 5.

- "Mr. Zemedagegehu was denied equal access to basic services that the Sheriff offers at the Detention Facility." Complaint ¶ 61.

- "The Sheriff never provided . . . " Complaint ¶ 64.

- ". . . and other services offered by the Sheriff at the Detention Facility." Complaint ¶ 78.

- "Each of the many times that Mr. Zemedagegehu requested a sign language interpreter either in writing or using gestures, the Sheriff refused to provide one." Complaint ¶ 81.

- "By the time Mr. Zemedagegehu was released from the Sheriff's custody . . . ." Complaint ¶ 82.

- "Mr. Zemedagegehu was discriminated against and denied access to effective communication by the Sheriff. . . ." Complaint ¶ 84.

As to State Defendants, Zemedagegehu alleges that because of certain functions regarding local correctional facilities, they were "aware" of the Sheriff's alleged violations of the ADA and the Rehabilitation Act. He states that VDOC is responsible for ensuring that local correctional facilities meet the minimum standards set by the Board and for certifying the jails that meet the standards. Complaint ¶¶ 8-9, 84, 86, 91. Zemedagegehu further states that as the Director of VDOC, Clarke is "responsible for the management and oversight of VDOC's jails and correctional institutions as well as any other correctional facilities managed by Virginia sheriffs, superintendents, or regional institutions or authorities." Complaint ¶¶ 9, 91. Zemedagegehu states that the Board sets the minimum standards that local correctional facilities, like the Arlington County Detention Facility, must meet. Complaint ¶¶ 6, 85, 92. He further states that as Chairman of the Board, Peed is responsible for setting those standards. Complaint ¶¶ 7, 92.

Even taking these allegations as true for the purposes of this Motion to Dismiss, they are not sufficient to state a claim upon which relief may be granted. State Defendants are not primarily liable for those violations,[3] and, as discussed above, they cannot be held liable under a theory of *respondeat superior* because there is no principal/agent relationship between them and the Sheriff who operates the jail.

Zemedagegehu asserts that VDOC and Clarke are responsible for "the Sheriff's compliance with all . . . applicable laws, regulations, and procedures" as the basis for *respondeat superior* liability. Complaint ¶ 91. Even assuming that Zemedagegehu's assertions are true for

---

[3] This matter is not like the matters cited in paragraphs 88-91 of the Complaint. In each of those cases, it was undisputed that VDOC individuals were proper defendants because the allegations involved state correctional facilities.

6

purposes of this Motion to Dismiss, Zemedagegehu does not establish a principal/agent relationship between VDOC and Clarke and the Arlington County Sheriff or the Arlington County Detention Facility.  As noted above, the Sheriff is an independent constitutional officer who is not subject to VDOC's control.  Likewise, the Arlington County Detention Facility is managed and operated by the Sheriff.  Zemedagegehu has done nothing to establish that VDOC and Clarke could make the Arlington County Sheriff or the Arlington County Detention Facility act as an agent in response to VDOC certifications or other VDOC action.

Similarly, Zemedagegehu alleges that the Board and Peed are responsible for setting the minimum standards for Virginia jails, including the Arlington County Detention Facility, but he does not allege that those standards have any teeth.  As with VDOC and Clarke, Zemedagegehu has not pled facts to establish a principal/agent relationship between the Board and Peed and the Arlington County Sheriff or the Arlington County Detention Facility.  There is nothing in the Complaint to counter the facts that the Sheriff is an independent constitutional officer who manages and operates the Arlington County Detention Facility under her own authority. Zemedagegehu does not allege that the Board and Peed promulgated any regulations that prevented the Sheriff from meeting the requirements of the ADA and the Rehabilitation Act or that the Sheriff was the Board or Peed's agent in operating the Arlington County Detention Facility.

Because Zemedagegehu has not pled facts sufficient to establish a principal/agent relationship for purposes of *respondeat superior* liability, State Defendants should be dismissed from this matter.

### C. Zemedagegehu has not stated a claim upon which relief can be granted under Title II of the ADA because he has not alleged a constitutional violation, which is necessary for sovereign immunity to be abrogated against State Defendants.

To state a claim under Title II of the ADA, a plaintiff must allege that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *See Constantine v. George Mason Univ.,* 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose,* 192 F.3d 462, 467 (4th Cir. 1999). In addition, however, if the claim is asserted against state defendants, those defendants are immune unless the plaintiff also alleges a constitutional violation. *U.S. v. Georgia*, 546 U.S. 151, 159 (2006) (holding that a plaintiff may pursue an ADA claim against a state only to the extent that the claim also amounts to an independent constitutional violation). The Fourth Circuit has held that Congress did not abrogate state sovereign immunity for ADA claims where there is no corresponding constitutional violation. *See Wessel v. Glendening*, 306 F.3d 203 (4th Cir. 2002);[4] *see also Chase v. Baskerville*, 508 F. Supp. 2d 492 (E.D. Va. 2007) (stating "in the context of state prisons, Title II of the ADA validly abrogates state sovereign immunity and 'creates a private cause of action for damages against States' only 'for conduct that *actually* violates the *Fourteenth Amendment*.'") (emphasis in original)). It follows, therefore, that in this case, to state an ADA claim upon which relief can be granted, Zemedgegehu must allege a constitutional violation against State Defendants.

---

[4] *Anderson v. S.C. Dep't of Corr.*, 2009 U.S. Dist. LEXIS 116130, 25 n.6 (D.S.C. Oct. 6, 2009) (stating "to the extent Plaintiff's Title II claims do *not* amount to a constitutional violation, *Wessel* still controls in this Circuit.") (emphasis in original).

To state a constitutional claim upon which relief may be granted against an individual, such as an allegation that a defendant violated the Fourteenth Amendment, a plaintiff must allege either that the defendant was personally involved in the conduct that resulted in the violation or that the defendant is liable as a supervisor of the violator.  To allege personal involvement by a defendant in a constitutional violation, a plaintiff must affirmatively allege that the named defendants were personally involved in the alleged violations of his constitutional rights. *See e.g.*, *Garraghty v. Va. Dep't of Corr.*, 52 F.3d 1274, 1280 (4th Cir. 1995); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Barrow v. Bounds*, 498 F.2d 1397 (4th Cir. 1974).  Similarly, to state a constitutional claim on a theory of supervisory liability, a plaintiff must allege that he or she faced "a pervasive and unreasonable risk of harm from some specified source [and] that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization.'" *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984) (*quoting Orpiano v. Johnson*, 632 F.2d 1096, 1101 (4th Cir. 1980)).  Such a showing may generally be made only where "there is a history of widespread abuse." *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983).  Under this theory, a plaintiff "must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (internal quotations and citations omitted).  If a plaintiff makes these allegations, Eleventh Amendment sovereign immunity is abrogated against State Defendants.

The allegations in Zemedgegehu's Complaint do not meet the requirements of either of these methods for stating a violation of the Constitution.  He states only that State Defendants were "aware" of the conditions in the Arlington Detention Center where Zemedagegehu was

incarcerated. Even assuming, for the purposes of this Motion to Dismiss, that the Defendants were "aware," a claim of awareness is not sufficient to allege a constitutional violation. Zemedagegehu does not allege that Clarke or Peed personally took part in any of the conduct that allegedly violated the ADA. He also does not allege that Clarke or Peed were deliberately indifferent, that they had actual or constructive knowledge of the alleged ADA violations, that they tacitly authorized them, or that there was a history of widespread abuse. Because Zemedagegehu has not properly stated a constitutional claim against Clarke and Peed, he also has not stated claim under Title II of the ADA against them.

Consequently, sovereign immunity under the Eleventh Amendment is not abrogated against any of the State Defendants. Therefore, they are immune from suit on Count I of Zemedgegehu's claim which should be dismissed.

For the reasons stated above, State Defendants respectfully request that this Court dismiss them from this action and grant any other relief deemed just.

Respectfully Submitted,

VIRGINIA DEPARTMENT OF CORRECTIONS;
VIRGINIA DEPARTMENT OF CORRECTIONS
DIRECTOR HAROLD CLARKE; VIRGINIA
BOARD OF CORRECTIONS; VIRGINIA
BOARD OF CORRECTIONS CHAIRMAN CARL
R. PEED

By: _____/s/_____
J. Michael Parsons, AAG II, VSB #68520
Nancy Hull Davidson, AAG, VSB #85536
Office of the Attorney General
Criminal Justice & Public Safety Division
900 East Main Street
Richmond, Virginia 23219
Phone: (804) 786-0046
Phone: (804) 692-0551
Fax: (804) 786-4239
Email: jparsons@oag.state.va.us
Email: ndavidson@oag.state.va.us

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March 2015, I electronically filed the foregoing

Memorandum in Support of Defendants' Motion to Dismiss with the Clerk of the Court using the

CM/ECF system, which will send a notification of such filing (NEF) to the following:

Larry Tanenbaum (admitted pro hac vice)
Jonathan Goodrich (VSB 78522)
Carolyn Perez (admitted pro hac vice)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue N.W.
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email: jgoodrich@akingump.com

Caroline E. Jackson, Esq. (admitted pro hac vice)
Debra J. Patkin, Esq. (admitted pro hac vice)
National Association of the Deaf Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Telephone: (301) 587-7466
Facsimile: (301) 587-1791
Email: caroline.jackson@nad.org

*Counsel for Plaintiff*

Alex Francuzenko, Esq.
Cook Craig & Francuzenko PLLC
3050 Chain Bridge Road
Suite 200
Fairfax, VA 22030
703-865-7480
Fax 703-434-3510
afrancuzenko@cookcraig.com

*Counsel for defendant Elizabeth F. Arthur*

And I hereby certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participant:  N/A

By: _____/s/_____
J. Michael Parsons, AAG II, VSB #68520
Nancy Hull Davidson, AAG, VSB #85536
Office of the Attorney General
Criminal Justice & Public Safety Division
900 East Main Street
Richmond, Virginia 23219
Phone: (804) 786-0046
Phone:  (804) 692-0551
Fax:  (804) 786-4239
Email: jparsons@oag.state.va.us
Email:  ndavidson@oag.state.va.us